IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES DAVID BURROW | CASE NO. 3:20-CR-451-N |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO REVOKE OR AMEND DETENTION ORDER**

The United States Attorney for the Northern District of Texas, by and through the undersigned Assistant United States Attorney, files this Response to the above motion:

**I.   Summary of Defense Position**

Defense counsel basically argued that there was insufficient evidence offered at the detention hearing to support United States Magistrate Judge Rutherford's finding that Burrow was a flight risk and danger to the community.   At the hearing and in the motion, defense counsel pointed out several factors supporting release, including the following: Burrow could live with his mother as a third party custodian while on bond; in her affidavit Burrow's ex-wife stated that Burrow is only violent when he is under the influence of drugs and that Burrow was not in "the right frame of mind" when he assaulted her in November 2020 - and that Burrow's daughter misses him; and that Burrow only engages in criminal activity due to his addiction.

**II.   Rebuttal Evidence to Defense Position**

Not surprisingly, defense counsel failed to address the following evidence in the

record that strongly supports Judge Rutherford's Detention Order:

- That Burrow was one of nine co-conspirators who have been under investigation since early to mid 2019 for distribution of methamphetamine;
- that in early afternoon of August 12, 2020, a controlled purchase of methamphetamine was conducted at Burrow's residence;
- that later on August 12, 2020, the Red Oak Police made a traffic stop of Burrow and arrested him for possession of a distribution amount of methamphetamine (5.5 grams) and seized $1,897 in cash;
- that in the early morning hours of August 13, 2020, a search warrant was executed at Burrow's residence where a distribution amount (371 grams) of methamphetamine was seized, along with 55 grams of GHB (date rape drug), digital scales, and a loaded .40 caliber Smith and Wesson pistol;
- **that on November 7, 2020 (while out on bond following the August 12 arrest by Red Oak police) Burrow assaulted his former wife and threatened to kill her if she reported the assault to the police;**
- **that on November 24, 2020, (while out on bond following his August 2020 arrest by Red Oak police) when Burrow was found with nearly 20 grams of methamphetamine when he was arrested** in his vehicle on the outstanding warrant based on his recent federal indictment;
- that shortly after his November 24 arrest, a second search warrant of Burrow's residence was executed and another 371 grams of GHB (date rape

- drug), along with drug paraphernalia and $1,600 in cash were seized; and

- that following Burrow's arrest on the pending federal indictment, Burrow waived his rights and admitted to his extensive involvement in drug dealing.  Prior to these admissions, investigating agents by de-briefing co-conspirators were able to account for Burrow being involved in the trafficking of at least 10,369 grams of methamphetamine.  During Burrow's debrief following his November 24, 2020 arrest, Deputy Cole testified that the results of Cole's investigation showed that Burrow was involved in drug trafficking with a total weight of 23,224 grams (over 23 kilograms) of methamphetamine.

## III.   Conclusion

While Ellis County Deputy Sheriff Cole could not testify about a specific recent statement by Burrow that he planned to flee and thus would constitute a flight risk, on re-direct examination Deputy Cole testified that Burrow had never in his life been in a situation where he was facing a sentence of 14-17 years in federal prison and thus Burrow had never before had such a strong incentive and motivation to flee.

When ordering Burrow detained, Judge Rutherford pointed out that this was a presumption case and defendant Burrow had not offered sufficient evidence to overcome that presumption favoring detention.  **Judge Rutherford also commented that the evidence elicited at the hearing was not reflected in the Pretrial Services Report which recommended that Burrow be released on conditions**.   Supported by the

evidence in the record, Judge Rutherford found that Burrow was a flight risk and a danger.  **Judge Rutherford also pointed out that her position was heavily influenced by the fact that Burrow continued to engage in criminal activity and possess firearms while out on bond in another case.**

Judge Rutherford properly considered the evidence in the record and the factors set for in 18 U.S.C. §  3142 and found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community – and found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Accordingly, the motion to revoke or amend the detention order filed on December 7, 2020, should be denied.

**[Remainder of Page Blank, Only Signatures Follow]**

Dated this 5th day of February, 2021.

        Respectfully submitted,

        PRERAK SHAH
        Acting United States Attorney

        */s/ David L. Jarvis*
        DAVID L. JARVIS
        Assistant United States Attorney
        Texas Bar No. 10585500
        1100 Commerce Street, Suite 300
        Dallas, Texas 75242
        Telephone: 214.659.8729
        Facsimile: 214.659.8812
        david.jarvis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on John "Jack" Wilson, counsel for defendant Burrow, by ECF on this 5th day of February, 2021.

        */s/ David L. Jarvis*
        DAVID L. JARVIS
        Assistant United States Attorney