IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. 3:20-cr-00451-N-1 |
| § | |
| CHARLES DAVID BURROW § | |

### AMENDED DEFENDANT'S MOTION TO REVOKE OR AMEND THE MAGISTRATE JUDGE'S ORDER OF PRETRIAL DETENTION

The Defendant, CHARLES DAVID BURROW, pursuant to 18 U.S.C. § 3145(b), requests that the District Court conduct a *de novo* review of the evidence presented in the December 7, 2020 detention hearing which resulted in the Magistrate's Judge's detention order (Doc. # 14) requiring the Defendant be detained pending trial. Detention order is attached as Exhibit One. Mr. Burrow respectfully requests that this Court revoke the order of detention and allow him to be released subject to the conditions recommended by the U.S. Probation/Pretrial Officer in the report. Mr. Burrow requests oral argument to aid in the determination of this motion.

I.
**PROCEDURAL HISTORY**

Mr. Burrow has been charged with two counts in a two count indictment alleging the offense of Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 (Count One) and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Count Two).

Mr. Burrow has been incarcerated since his arrest on December 2, 2020. At the detention hearing, the Magistrate Judge determined that the presumption had not been rebutted and ordered Mr. Burrow to remain in custody pending trial.

## II.
## **LEGAL AUTHORITY**

**Standard of Review for Detention**

Pursuant to 18 U.S.C. § 3145(b), this Court retains the authority to review a Magistrate's order detaining a defendant in a federal criminal case. When reviewing a Magistrate's order of detention, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

The Bail Reform Act, 18 U.S.C. § 3142, provides that "[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will "reasonably assure the safety" of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(emphasis added). No comparable provision is made respecting the "reasonably assure appearance" determination. Accordingly, we hold that the judicial officer making the latter determination should apply the simple preponderance standard. *Fortna*, 769 F.2d at 250. (emphasis added).

The Bail Reform Act sets forth the factors to be considered. The pertinent factors are as follows:

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of § 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and;

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C.A. § 3142.

III.
**ARGUMENT**

On December 7, 2020, Charles Burrow presented evidence to rebut the presumption that he was a flight risk or a danger to the community. The United States Probation/Pretrial Officer recommended that Mr. Burrow be released, subject to the several conditions listed in the Pretrial Services Report. Mr. Burrow's mother, Fanny Jo Burrow, was approved by Pretrial Services as a third-party custodian and Mr. Burrow would be living with her. Her address is 102 Spring Hill Road, Red Oak, Texas, 75154. Mr. Burrow will accept those conditions and think they are sufficient to reasonably ensure his appearance and would mitigate any danger to the community.

At the detention hearing, the government called Ellis County Sheriff's Office Investigator, Cody Cole to testify. While on cross-examination, Mr. Cole confirmed that there was no specific evidence that Mr. Burrow planned to flee the jurisdiction of the Court, and when asked has anything given him reason to believe Mr. Burrow would be a flight risk, his answer was no, this is on page 17 of the Transcript of Detention Hearing. This is attached as Exhibit Two.

There was also testimony given by Investigator Cole regarding an alleged assault that occurred prior to detention. We have attached an affidavit from the complaining witness in regards to the alleged assault, which hasn't been filed. This affidavit is attached as Exhibit Three.

We understand the Magistrates concern with the fact that Mr. Burrow continued to engage in criminal activity while on bond, and we attribute that to his addiction. Mr. Burrow has proven before he can stay clean. He successfully completed in patient treatment in 2006 and remained clean for a very long time, completing a 10 year probation out of Ellis County that ran until 2016. Attached as Exhibit Four, "Treatment had a profound effect on Mr. Burrow as evidence by 14 years sober". In addition to being supervised by Pretrial Services, Mr. Burrow will also be entering a treatment program, attached as Exhibit Five, and has a job waiting for him, attached as Exhibit Six.

We felt it was important to add that on August 15, 2000, at the age of 17, Mr. Burrow was hit by a county worker in Ellis County and unfortunately lost his leg under the knee. He was fitted for a prosthetic leg at the time and that is how he continues to stay mobile. The prosthetic leg has to be changed over time as it wears out and the last time it was changed out was 2014. Prior to Mr. Burrows incarceration, he had an appointment with Dr. Ray Aronowitz, at Methodist Dallas Medical Center to replace his prosthetic leg. Obviously, this didn't happen and Mr. Burrow is experiencing pain and discomfort and the facility he is in is not equipped to properly treat him for this issue.

Respectfully submitted,

/s/JOHN "JACK" WILSON
JOHN "JACK" WILSON
State Bar No. 24000142
3300 Oak Lawn, Ste. 600
Dallas, Texas 75219
(214) 520-7778
Fax: (214) 528-6601
jack@jackwilsonlaw.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. David Jarvis
Assistant United States Attorney
United States Attorney's Office
1100 Commerce Street, 3rd Floor
Dallas, TX 75242
David.jarvis@usdoj.gov

/s/JOHN "JACK" WILSON
JOHN "JACK" WILSON

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred, Assistant United States Attorney, David Jarvis, who states that the government opposes the relief sought herein.

/s/JOHN "JACK" WILSON
JOHN "JACK" WILSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO.  3:20-cr-00451-N |
| CHARLES DAVID BURROW | § § | |

**O R D E R**

On this _____ day of _____, 2021, the foregoing Defendant's Motion to Revoke or Amend the Magistrate Judge's Order of Pretrial Detention having been presented to the Court, the same is hereby:

(DENIED)/ (GRANTED).

_____
UNITED STATES DISTRICT JUDGE