IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Crim. Action No. 3:20-CR-00451-N |
| CHARLES DAVID BURROW (1) | § | |

## AMENDED PRETRIAL ORDER

Before the Court is the Defendant's Unopposed Motion for Continuance filed May 20, 2021. The Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial for the reasons stated in the motion and therefore grants the requests for continuance as requested. The failure to grant a continuance in this case would deny defendant's counsel the reasonable time necessary for effective preparation taking into account the exercise of due diligence. By taking into account the exercise of due diligence by defense counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

1. This case is set for trial on this Court's one-week docket beginning **July 19, 2021**. Any potential conflicts must be called to the attention of the Court in writing within ten (10) days from the date of this Order. The parties shall comply with the Federal Rules of Criminal Procedure and the Local Criminal Rules of this Court except as expressly modified by this Order.

2. The government shall provide full discovery to each defendant in accordance with Rule 16(a), Fed. R. Crim. P. **thirty-five (35) days before trial**, and each defendant

AMENDED PRETRIAL ORDER – PAGE 1

shall provide full discovery to the Government **twenty-eight (28) days before the trial** in accordance with Rule 16(b).

3. The Government shall in accordance with *Brady v. Maryland*, 373 U. S. 83 (1963), provide each defendant with all of the exculpatory evidence it possesses concerning that defendant **thirty-five (35) days before trial**.

4. The Government shall provide each defendant with all Jencks Act material (18 U.S.C. § 3500) on the day prior to the testimony of the witness to whom such material relates. The defendant shall do likewise.

5. All pretrial motions shall be filed **twenty-one (21) days before trial** and they must comply with Local Rule 47.1.

6. The Government's response to the pretrial motions shall be filed **fourteen (14) days before trial** and any reply by the defendant(s) shall be filed **ten days (10) before trial**.

7. The Government's pretrial material shall be filed **ten days (10) before trial**. The defendant's pretrial material shall be filed **seven (7) days before trial**. Specifically, pretrial material shall include:

   a. A list of witnesses shall be filed by each party– which divides the persons listed into groups of "probable witnesses," "Possible witnesses," "experts" and "record custodians"; which states name and address of each witness; and which contains a brief narrative summary of the testimony to be covered by each witness. (Modification of Local Rule 16.1(b)).

   b. A list of exhibits and designations of portions of depositions. **All documentary exhibits offered by the Government shall be submitted on CD at the conclusion of the trial**.

AMENDED PRETRIAL ORDER - PAGE 2

   c. Requested jury instructions and motions in limine and any proposed voir dire questions which the court is requested to ask during its examination of the jury and proposed findings in non-jury cases.

  8. A final pretrial conference in this case is set for **July 16, 2021**, at 10:00 a.m. Lead counsel must attend the pretrial conference. All pretrial motions will be heard and resolved at that time and procedures for trial will be discussed. The defendant(s) need not be present at the pretrial conference in a jury trial. Jury selection will begin the following week; bench trials will begin immediately following the pretrial conference.

  9. Counsel should direct any questions regarding this Order to Carla Moore, Court Coordinator, at 214-753-2706.

Signed May 21, 2021.

_____
David C. Godbey
United States District Judge

AMENDED PRETRIAL ORDER - PAGE 3