IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-451-N |
| CHARLES DAVID BURROW | |

## FACTUAL RESUME

In support of Charles David Burrow's plea of guilty to the offense in Count One of the Indictment, Charles David Burrow, the defendant, John S. (Jack) Wilson, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C § 841(b)(1)(A), that is, conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

First: That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance;

Second: That the defendant knew of the unlawful purpose of the agreement;

Third: That the defendant joined in the agreement willfully, that is with the intent to further its unlawful purpose;

---

[1] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2019).

Factual Resume—Page 1

> Fourth: That the overall scope of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and
>
> Fifth: That the defendant knew or reasonably should have known that the scope of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The elements of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a violation of 21 U.S.C. § 841(a)(1), are as follows: [2]

> First: That the defendant knowingly possessed a controlled substance;
>
> Second: That the substance was in fact methamphetamine;
>
> Third: That the defendant possessed the substance with the intent to distribute it; and
>
> Fourth: That the quantity of the substance was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

## STIPULATED FACTS

1. In reference to Count One of the Indictment, Charles David Burrow admits and agrees that between in or about August 2019 and in or about August 2020, in the Dallas Division of the Northern District of Texas, and elsewhere, Burrow, knowingly and intentionally combined, conspired, confederated, and agreed with other persons both known and unknown to the Grand Jury, to possess with intent to distribute 500 grams or

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019)

more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. Charles David Burrow further admits that on or about August 12, 2020, in the Dallas Division of the Northern District of Texas, that he knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

3. During 2019 and 2020, Burrow was part of a multi-person conspiracy responsible for distributing multi-ounce quantities of methamphetamine into Ellis County, Texas. On August 13, 2020, a search warrant was executed on Burrow's residence. During the search, at least 372 grams of methamphetamine and other illegal drugs, a digital scale and a loaded .40 caliber handgun were among the items seized. On November 24, 2020, Burrow was arrested following a traffic stop when he was found in possession of 19 grams of methamphetamine, digital scales, and $1,601 in cash. That same day, after Burrow was arrested following the traffic stop, a second search warrant was obtained that same day and executed on Burrow's residence. During this search of Burrow's residence, more suspected illegal drugs and contraband were seized. The controlled substances seized were possessed by Burrow for the purpose of distributing them to other individuals.

4. Following the execution of the second search warrant, Burrow agreed to participate in a recorded interview while he was in custody. During this interview with law enforcement officers, Burrow admitted to his involvement in a conspiracy to possess with intent distribute methamphetamine with several other co-conspirators during the

period of 2019 through 2020. Burrow also admitted during this interview that in 2019 through 2020, he purchased and later distributed at least 23,000 grams of methamphetamine.

5. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 29th day of June, 2021.

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

DAVID L. JARVIS
Assistant United States Attorney
Texas State Bar No. 10585500
1100 Commerce St., Suite 300
Dallas, Texas 75242
Tel: 214-659-8729
Fax: 214-659-8812
Email: david.jarvis@usdoj.gov

_____    6-28-21
CHARLES DAVID BURROW               Date
Defendant

_____    06-28-2021
JOHN S. (JACK) WILSON              Date
Attorney for Defendant

Factual Resume—Page 4